**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROGER GIFFORD,<br><br>      Plaintiff-Appellant,<br><br>  v.<br><br>HORNBROOK COMMUNITY SERVICES DISTRICT; et al.,<br><br>      Defendants-Appellees. | No.   16-15749<br><br>D.C. No. 2:15-cv-01274-MCE-AC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted May 8, 2017[**]

Before:    REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Roger Gifford appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

comply with Fed. R. Civ. P. 8. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). We affirm.

The district court did not abuse its discretion in dismissing Gifford's action for failure to comply with Rule 8(a)(2), because the first amended complaint does not contain "a short and plain statement of the claims showing that [Gifford] is entitled to relief." Fed. R. Civ. P. 8(a)(2); *McHenry*, 84 F.3d at 1179-80 (affirming dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges").

The district court did not abuse its discretion in dismissing Gifford's first amended complaint without leave to amend because Gifford was provided with one opportunity to amend and further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *Chodos v. West Publ'g Co., Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

**AFFIRMED.**

16-15749